UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME L. ISOM,

v.                                              CASE NO. 8: 91-cr-181-T-17TGW
                                                         8: 06-cv-60-T-17TGW
UNITED STATES OF AMERICA.
_____

ORDER

This cause is before the Court on Defendant's successive motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-710).

BACKGROUND

On August 11, 1999, the Court denied Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cr-622) in an order that read:

> Defendant filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Defendant Isom challenges his sentence entered June 19, 1992. The sentence was affirmed on appeal and the mandate issued November 26, 1996.
>
> On March 25, 1999, the Court ordered Defendant to file an amended motion to vacate, which he did, on April 23, 1999. On June 25, 1999, the Court conditionally dismissed the motion to vacate as time-barred. The Court warned Defendant that the dismissal would become final within fifteen (15) days of the date of the order unless Defendant submitted facts demonstrating that his motion to vacate was not time-barred.
>
> On July 9, 1999, Defendant filed a document in support of the timeliness of his amended motion to vacate (Doc. No. 617). On July 20,

1999, Defendant filed a response to the Court order requiring that he show that his motion to vacate was not time-barred.

As Defendant Isom states, on March 13, 1995, while his appeal was pending, Defendant filed a motion to vacate. Subsequently, as he also states, he filed a motion to voluntarily dismiss the motion to vacate on July 1, 1996. The Court granted the motion to voluntarily dismiss the motion to vacate on November 1, 1996. (See Doc. No. 532, endorsed order granting motion to voluntarily dismiss motion to vacate.)

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA). This law amended 28 U.S.C. § 2255 by adding the following provisions:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

With respect to final judgments, the date the statute of limitations begins to run is determined by the date the district court's judgment becomes final. For final judgments entered prior to April 24, 1996, the effective date of the AEDPA, the statute of limitations begins to run on April 24, 1996.[1] For final judgments entered after the

---

[1] Since the one year statute of limitations has no effective date provision, the statute went into effect on the date the AEDPA was signed by the President. See, Gozlon-Peretz v. United States, 498 U.S. 395, 404 (1991).

effective date of the AEDPA, or April 24, 1996, the statute of limitations begins to run on the date the district court's judgment becomes final.

Defendant Isom had one year from November 26, 1996, or until November 26, 1997, to timely file his motion to vacate. Defendant did not file his motion to vacate until January 28, 1999. Defendant Isom has not shown that the motion to vacate is not time-barred.

Accordingly, the Court orders:

That Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 is denied. The Clerk is directed to close civil case no. 99-187-Civ-T-17B which was opened for statistical purposes when the motion to vacate was filed.

On October 18, 1999, Defendant appealed. The United States Court of Appeals for the Eleventh Circuit affirmed the denial of relief. (Doc. cr-682; 690).

On January 5, 2006, Defendant signed the present successive motion to vacate. Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant has not fulfilled the requirements of the statutes as set out above. Accordingly, Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-710) is denied. The Clerk is directed to enter judgment against Defendant in Civil Case No. 8:06-cv-60-T-17TGW, and to close that case.

ORDERED at Tampa, Florida, on January 17, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Joseph K. Ruddy
Pro se: Jerome L. Isom